Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2096 | **DATE** | 4/16/2002 |
| **CASE TITLE** | Motion Picture Laboratory Technicians, et al. vs. Astro Color Laboratories, Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion for reconsideration [23-1] is denied. Defendants' motion to strike with respect to the fiduciary duty claims (Counts II and III) is granted. Further, in light of plaintiffs' attorney's representations to the court, made during the hearing on April 15, 2002, regarding the remaining claims, it permitted plaintiffs to respond to the defendants' motion to strike as to the remaining counts. Thus, the court grants in part the motion to strike and reserves ruling on whether the remaining counts should be stricken until briefing is complete.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | APR 17 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | U.S. DISTRICT COURT | | 32 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 APR 16 PM 3:30 | 4/16/2002 | |
| | | | date mailed notice | |
| MD | courtroom deputy's initials | FILED-ED TO | MD | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

| | |
|---|---|
| MOTION PICTURE LABORATORY ) <br> TECHNICIANS AND FILM EDITORS ) <br> LOCAL 780 PENSION FUND and ) <br> MOTION PICTURE LABORATORY ) <br> TECHNICIANS AND FILM EDITORS ) <br> LOCAL 780 WELFARE FUND, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ASTRO COLOR LABORATORIES, ) <br> INC., WILLIAM SCHEER and ) <br> SCOTT R. DEHLENDORF, ) <br> ) <br> Defendants. ) | DOCKETED <br> APR 1 7 2002 <br><br> No. 01 C 2096 |

## MEMORANDUM OPINION AND ORDER

On March 26, 2001, plaintiffs, Local 780 Motion Picture Laboratory Technicians and Film Editors Local 780 Pension Fund, and Motion Picture Laboratory Technicians and Film Editors Local 780 Welfare Fund, filed a five-count complaint against defendants Astro Color Laboratories, Inc., its president, William Scheer, and CEO, Scott R. Dehlendorf, for monies allegedly owed to the plaintiffs in the form of delinquent contributions. Count I alleged an ERISA claim against Astro and the remaining counts alleged personal liability against Scheer and Dehlendorf either as fiduciaries under ERISA (Counts II and IV) or under a piercing the corporate veil type theory (Counts III and IV).

On May 31, 2001, defendants Scheer and Dehlendorf moved to dismiss Counts II and IV, arguing that under *Plumbers Pension Fund Local 130 v. Niedrich*, 891 F.2d 1297 (7th Cir. 1989),

1

32

corporate officers, who are not parties to a pension plan or collective bargaining agreement, could not be personally liable for a corporation's failure to make contributions unless there were facts warranting piercing the corporate veil. Defendants moved to dismiss Counts III and V, arguing that the conclusional allegations were insufficient to state a claim.

On February 5, 2002, the court dismissed counts II-V and gave plaintiffs an opportunity only to replead Counts III and V (the piercing the corporate veil claims) with additional facts if they could do so. Plaintiffs moved on February 15, 2002 for reconsideration of the court's dismissal of its fiduciary duty counts (Counts II and IV). Subsequently, on March 18, 2002, while the motion to reconsider was pending, plaintiffs filed a First Amended Complaint adding back the fiduciary duty claims (noting they were pending on a motion to reconsider) as well as various other claims, but choosing not to re-allege the piercing the corporate veil claims. On April 8, 2002, defendants moved to strike the amended complaint or in the alternative to extend time to respond.

Motion to Reconsider [#23]

The court denies plaintiffs' motion to reconsider its February 5, 2002 ruling, but clarifies its rationale as follows. Defendants noted in their motion to dismiss that it appeared that only employer contributions were at issue in the complaint and had argued that corporate officers cannot be held personally liable for delinquent employer contributions unless there was some allegation that the officer was a party to the collective bargaining agreement or there was evidence of piercing the corporate veil or another like state law theory. *See Plumbers' Pension Fund, Local 130* v. *Niedrich*, 891 F.2d 1297, 1300-01 (7th Cir. 1989) (relying on 29 U.S.C. § 1145, administrative interpretation of ERISA, and *Levit* v. *Ingersoll Rand Fin. Corp.*, 874 F.2d

2

1186 (7th Cir. 1989), and reasoning that an employer's obligations to make contributions stem from the terms of the collective bargaining agreement, to which the officer, as a separate identity from his corporation, is generally not a party). The Seventh Circuit subsequently affirmed this principle in *Sullivan v. Cox*, and also noted in dicta that there may be exceptions to holding the corporate officer personally liable where the corporate official "committed fraud or acted in concert with a fiduciary to breach a fiduciary duty." 78 F.3d 322, 325 (7th Cir. 1996). Plaintiffs' in their response to the motion to dismiss argued that *employee* contributions were at issue in the complaint as well as employer contributions and, relying on cases from other circuits as well as the dicta from the *Sullivan* case, argued that defendants can be held personally liable in this case for both.

As noted in the court's prior order, the question of whether a entity is a fiduciary turns on whether he "exercises any authority or control [over] . . . disposition of [plan] assets." 29 U.S.C. § 1002(21)(A). As regulation 29 C.F.R. § 2510.3-102(a) provides, employee contributions paid to the employer or that are withheld from paychecks are considered plan assets as of the earliest date that they can be reasonably segregated from employer's assets. Most of the cases cited by plaintiffs involved holding officers personally liable where employee contributions were involved. *See LoPresti v. Terwilliger*, 126 F.3d 34, 40 (2d Cir. 1997) (instead of forwarding deductions from employee paychecks to funds, corporate officer used funds to pay company's creditors); *Yeseta v. Baima*, 837 F.2d 380 (9th Cir. 1988) (action brought by employees to recover their vested interest in pension plans); *United States v. Grizzle*, 933 F.2d 943, 948 (11th Cir. 1991) (corporation's president withheld money from employees' paychecks which were to be forwarded to funds). Since the motion to reconsider was filed, defendants have represented that

3

there may have been around $2,500.00 of employee contributions inadvertently not paid over to the funds. However, defendants represent that as soon as an exact figure is determined, they will pay these over to plaintiffs. Thus, because employee contributions are no longer at issue, even if the court were to accept plaintiffs' legal argument regarding holding officers personally liable as fiduciaries for employee contributions, it is now or will become moot.

As for the employer contributions, plaintiffs' argument appears to be based on the dicta from the *Sullivan* case, that somehow defendants "acted in concert with a fiduciary [presumably Astro] to breach a fiduciary duty." Plaintiffs rely on *Bd. of Trustees of the Airconditioning and Refrigeration Indus. Health and Welfare Trust Fund v. J.R.D. Mech. Serv., Inc.*, 99 F. Supp. 2d 1115, 1120 (C.D. Cal. 1999), which noted that although the trust agreements did not specify that unpaid employer contributions were vested assets of the funds, the concept that they became trust assets immediately after employees earned their wages was "inherent" in the trust agreements where the employer contributions were due and owing within a certain time period after the responsibility for such contributions was incurred. Plaintiffs also rely on *United States v. LaBarbara*, 129 F.3d 81, 88 (2d Cir. 1997) ("Once wages were paid to Local 66 members, Strathmore had contractual obligations to the Funds that constituted 'assets' of the Funds by any common definition.").

*J.R.D.'s* holding appears to have been overruled by *Cline v. The Indus. Maintenance Eng'g & Contracting Co.*, 200 F.3d 1223, 1234 (9th Cir. 2000) ("Until the employer pays the employer contributions over to the plan, the contributions do not become plan assets over which fiduciaries of the plan have a fiduciary obligation[.]"). But, if not, its holding would seem to be limited to reliance on the contract language itself to determine whether employer contributions

4

are to be considered plan assets. Indeed, the contract language, not solely a general statement about contribution receivables, also appeared to be the basis for Judge Shadur's conclusion that employer contributions were plan assets in *Chicago Dist. Council of Carpenters Pension Fund v. Angulo*, 150 F. Supp. 2d 976, 978 (N.D. Ill. 2001) (noting that definition of "Trust Fund" included "all employer contributions made or *due to the trustees*"); *see also Trustees of the Nat'l Elevator Indus. Pension v. Lutyk*, 140 F. Supp. 2d 407, 411 (E.D. Pa. 2001) (agreements contained language that "Trust Fund shall consist of . . . such sums of money *as shall be paid to* [the plan] by the Employers . . . ."). The court agrees with those cases that rely on specific contract language, and notes that the trust agreement language cited by plaintiffs in their response to the motion to dismiss does not purport to make employer contributions plan assets.[1] Thus, the plaintiffs fail even to allege that the employer contributions are fund assets under the trust agreements.

Even if they were, there is a question as to whether merely alleging that the corporate officers paid other corporate debts would be sufficient to state a claim that they exercised control over those assets to render them fiduciaries. Judge Shadur answered "no" in *Angulo*, albeit without citation to authority. The *Lutyk* court also answered "no," reasoning that piercing the corporate veil allegations are also required under the fiduciary duty analysis to hold a corporate officer personally liable. *See Lutyk*, 140 F. Supp. 2d at 412 (relying on language of 29 U.S.C. § 1002(9) that definition of "person" does not include corporate officer). In its prior

---

[1] "Trust Fund" means "individual Trust Funds for the defined benefit and defined contribution Plans created by this Trust Agreement and shall mean generally monies and other things of value which comprise the corpus of and contributions to each Fund" (Pension Agt., Art. I, Sec. 10.) The agreements also provide that the employer shall not have any right or interest to the Trust Funds. (*Id.*, Section Art. VII, Sec. 1; Welfare Agt., Art. VIII, Sec. 1.)

5

opinion, this court was, likewise, hesitant to hold as such. It considers the *Lutyk* court's holding persuasive. Moreover, the court perceives that to hold otherwise would fail to recognize the separate status of the corporation and its officers and collapsing the two would run up against the Seventh Circuit's holding in *Niedrich*, 891 F.2d at 1300-01. Thus, the court denies the motion to reconsider.

Motion to Strike Amended Complaint [#30]

In light of its decision denying the motion to reconsider, the court grants the defendants' motion to strike with respect to the fiduciary duty claims (Counts II and III). Further, in light of plaintiffs' attorney's representations to the court, made during the hearing on April 15, 2002, regarding the remaining claims, it permitted plaintiffs to respond to the defendants' motion to strike as to the remaining counts. Thus, the court grants in part the motion to strike and reserves ruling on whether the remaining counts should be stricken until briefing is complete.

Enter: April 16, 2002          Enter: /s/ Joan H. Lefkow
                                     JOAN HUMPHREY LEFKOW
                                     United States District Judge